**PERRIN, Plaintiff-Appellee, v. COULTER et, Defendants-Appellees, COULTER, Defendant-Appellant.**

Ohio Appeals, Seventh District, Columbiana County.

No. 754.   Decided August 22, 1957.

Ben H. Berman, East Liverpool, for plaintiff-appellee.

Vodrey, Buzzard & Shay, East Liverpool, for defendant-appellee, Frank Coulter.

Lawrence W. Smith, East Liverpool, for defendant-appellee, The Potters Bank & Trust Company.

Warren Bettis, Lisbon, for defendant-appellee, Joseph Abraham.

Paul Tobin, East Liverpool, for defendant-appellant.

## OPINION

By PHILLIPS, J.

A separation agreement dated April 14, 1953, executed by Jack Coulter and his wife, Marian Coulter, was confirmed by the trial judge and made a part of his decree dismissing Jack Coulter's cross-petition and granting Marian Coulter a divorce from Jack Coulter in her action against Jack Coulter for divorce.

The separation agreement provided inter alia as follows:—

"6. It is further agreed between the parties that the Tavern, known as 'Sandy's Tavern,' located at 639 St. Clair Avenue, East Liverpool, Ohio, that the said Jack Coulter, has a one-half interest in, is to be operated by the said Jack Coulter, and that further the said business is not to be sold or mortgaged by the said Jack Coulter, until he has notified Marian Coulter, or her attorney as to the amount of money the Tavern is to be

sold for or the amount of money the Tavern is to be mortgaged for; if and when said Tavern is sold, out of the proceeds of said sale, belonging to the said Jack Coulter, the following indebtedness are to be paid:

"A. All business debts of the Tavern.

"B. The mortgages on the home property to be paid off.

"C. The balance of the money left to be divided equally between both Marian Coulter and Jack Coulter."

An action was commenced in the court of common pleas on April 15, 1955, for dissolution of the partnership existing between Joseph Perrin and Jack Coulter in the operation of Sandy's Tavern in East Liverpool, to which reference is made in the separation agreement, and sale of assets of such partnership. In that action Joseph Perrin prayed the court to "determine the value of said business and permit plaintiff to purchase the interest of said defendant," Jack Coulter, "by paying the purchase price into court or upon such terms as may be decreed or for the sale of said business and the division of the proceeds in accordance with the interest of the partners for payment of debts and for any and all other and further relief to which this plaintiff may be entitled."

Subsequent to the confirmation of such sale the Potters Bank and Trust Company of East Liverpool, Ohio, Joseph Abraham and Frank Coulter were made parties defendant and claimed liens on Jack Coulter's share of the sale of such partnership to the amount of his share therein.

Marian Coulter was made a party defendant to the action for dissolution of partnership and sale of partnership assets and filed a cross-petition setting forth the separation agreement and asked that she be ·found to have a first good, valid and subsisting lien upon the interest of defendant, Jack Coulter, in the partnership of Sandy's Tavern.

Marian Coulter received nothing in cash from Jack Coulter's share of such partnership business, the trial judge finding and entering judgment as shown by the following excerpt from the journal entry:—

"The Court further finds that there is due defendant, Marian Coulter, against defendant, Jack Coulter, under the divorce decree set forth in her cross-petition, sufficient money to pay the Potters Savings & Loan Company of East Liverpool, on her home, the mortgage amounting to approximately $3,800.00 and one-half of Jack Coulter's share of the proceeds of the sale of the partnership, but the court further finds that said decree of divorce and property settlement was not notice to creditors of Jack Coulter and cannot take precedence over their liens."

The court taxed the costs of dissolution, advertising for sale and of appraisers against plaintiff and defendant, Jack Coulter, and taxed all costs caused by cross-petition seeking recovery from Jack Coulter's share against Jack Coulter; and entered judgment on Frank Coulter's cross-petition against Jack and Marian Coulter for $4,690.16 and costs; and found that there is due Potters Bank and Trust Company of East Liverpool, Ohio, from Jack Coulter the sum of $741.61 on judgments set up in its cross-petition; that there is due Joseph M. Abraham from Jack Coulter the sum of $2,094.09 on the judgment set forth in his cross-petition; that there is due Marian Coulter under the decree of divorce set forth in her cross-petition sufficient money to pay the Potters Savings

and Loan Company of East Liverpool, the mortgage on her home amounting to approximately $3,800.00 and one-half of Jack Coulter's share of the proceeds of the sale of the partnership but that the "decree of divorce and property settlement was not notice to creditors of Jack Coulter and cannot take precedence over their liens"; that "the defendants, The Potters Bank and Trust Company, Joseph M. Abraham and Frank Coulter, shall share pro rata in the share of defendant, Jack Coulter; that $203.22 is the amount of costs to be paid equally by plaintiff and defendant, Jack Coulter, and that an additional amount of $24.60 in costs shall be paid solely by defendant, Jack Coulter; that plaintiff is ordered to pay into the Clerk of Courts the sum of $101.61 as his share of the costs; that there is on deposit with the clerk of courts the sum of $5,377.52 which added to the costs paid into court in the amount of $101.61 equals $5,479.13 which the court ordered the clerk to distribute as follows:—

"1. To John W. Coleman, Clerk of Courts, the sum of $227.82.

"2. To Frank Coulter the sum of $3,272.62.

"3. To Joseph M. Abraham, the sum of $1,560.91.

"4. To Potters Bank and Trust Company of East Liverpool, the sum of $517.78."

The question presented to this court by the appeal of Marian Coulter on·questions of law and fact is whether the decree of divorce of April 14, 1953, some two years prior to the earliest of the other lien claims to this hearing for distribution, was in any way lis pendens to them, and in any way notice to them.

It is the contention of Marian Coulter that such property was specifically described not only in the divorce petition but in the journal entry of the court of common pleas of April 14, 1953, in which it specifically states: "The court further finds that the parties hereto have entered into a separation agreement dated April 14, 1953, which the court hereby approves, and it is ordered and adjudged that said separation agreement between the said parties be made a part of this decree."

Marian Coulter's lien was dated and fixed on April 14, 1953. The earliest judgment obtained by any of the other claiming parties was the judgment of The Potters Bank and Trust Company in the Municipal Court of East Liverpool on August 18, 1955, and filed in the Court of Common Pleas on November 16, 1955.

On these facts Marian Coulter argues:—

"Under all the above such effects and in view of the law of the state of Ohio on the question of lis pendens as affecting a judgment rendered in a divorce and alimony action, it is difficult for this defendant, Marian Coulter, to see how the court of common pleas could find otherwise than that she had a lien prior to the other claim liens and therefore was entitled to have it satisfied first. Defendant, Marian Coulter, does respectfully petition this Honorable Court that her lien be declared such first lien upon the funds obtained from the sale of the property that belonged to the defendant, Jack Coulter, by virtue of her judgment lien in her divorce action against the said Jack Coulter and that the decision of the court of common pleas be

reversed and that final judgment be entered in her favor declaring her lien to be a prior lien over those claimed by the other parties."

The Potters Bank and Trust Company argues that the doctrine of lis pendens does not apply in the case under consideration; that the Coulter divorce action was not notification to it of the rights of defendant, Marion Coulter, to a share in the interest of defendant, Jack Coulter, in the Perrin-Coulter partnership; that it relied upon the apparent interest of defendant, Jack Coulter, in such partnership, and having no notice or knowledge. of such divorce decree, more than two years after entry thereof on April 14, 1953, loaned money to defendant, Jack Coulter, in June, 1955.

Counsel for defendant, Frank Coulter, state by brief:—

"It will be noted from the answer and cross-petition of Frank Coulter that on or about February 15, 1947 he loaned Jack Coulter and his wife, Marian Coulter $4,500.00 to purchase an interest in Sandys Tavern in East Liverpool, Ohio. Both Jack Coulter and Marian Coulter signed the note and agreed to repay. How then in good conscience can Marian Coulter now claim that she should receive personally any part of the proceeds of the sale of the interest of her ex-husband Jack Coulter in preference to the claim of the man who made the original purchase possible?"

The doctrine of lis pendens applied only while the divorce action was pending between the Coulters, and operated only during its pendency. It did not extend beyond the termination thereof. The final decree in the Coulter divorce action was no notice of matters in controversy. It was the pendency of such suit that created the notice.

See **Turner v. Crebill, 1 Ohio 372; Phoenix Amusement Co., v. Glander, 148 Oh St 592; and 25 O. Jur., Page 698, Section 29—Lis Pendens.**

There is no worth in the argument that the decree in the Coulter divorce action was not final because certain acts were to be performed subject to journalization of the decree.

All matters in litigation in the Coulter divorce case were decided by the decree of the trial judge, and the fact that certain acts were to be performed subsequent thereto did not make the decree less final. It was a final decree.

See **Heirs of Ludlow v. Kidd's Executors, Bank United States, et al, 3 Ohio 541.**

As stated by counsel for Frank Coulter by brief:—

"No one of the defendants had any lien on the interest of Jack Coulter and hence the matter must be disposed of on the basis of an equity, and it is submitted that court of common pleas correctly determined the equities and should not be disturbed."

It is apparent from what has been said that the finding and judgment of this court is the same as that of the court of common pleas. Decree accordingly.

NICHOLS, PJ, GRIFFITH, J, concur.